REDMANN, Judge.
We granted review because a temporary support judgment totaling $690 appeared to leave a separated husband only $85 to live on out of his net $775 monthly salary. We now reduce the support.
Alimony and child support were originally fixed at $350 each when the husband had no employment (a business venture having failed) or income and the wife also had no income, and the parties had no means save a house (in which the wife and two children lived) and a car. The correctness of that judgment is not before us, but that judgment unquestionably presupposed that the husband should obtain employment sufficient to pay those sums and, inescapably, to support himself also as well as he was to support the wife. Thus that judgment surely anticipated that the husband would retain at least $350 for his own expenses, and therefore that his earnings at that time should be $1,050 monthly.
The husband did not at first earn that much and fell behind in his payments to the wife. The wife began to earn $525 a month teaching piano in her home. The husband sought reduction of alimony and child support, and the wife sought increase of child *778 support. The trial judge fixed the husband’s obligations at $400 for child support and $251 (payable to the wife) for the house note plus hospitalization insurance (presently costing $39 monthly).
The husband’s gross earnings have recently increased to about $1,071 monthly, but he has a business rent expense of $66, leaving him $1,005 before taxes. The wife’s gross earnings of $525 from piano teaching, however, are reduced to $171 by the $364 expense of child care to enable her to teach.
Although the husband’s parents paid most of the $400 monthly support that the husband did provide, that payment by them cannot be considered means of the husband: if the husband and wife together cannot support the children, the grandparents may be obliged to do so, but only by suing them. Thus the spouses’ total available means is $1,176 gross income plus the advantage of a house whose note is only $251 monthly. Payment of that $251 provides wife and children with housing presumably worth far more because purchased several years ago when prices and interest rates were much lower, and simple fairness requires allowing to the husband his monthly rent cost of $300. After payment of those rents and the $39 medical insurance, there would remain $586 for the two spouses and the two children (about 3 and 4 years old). We believe a fair allocation of these resources, because of the absence of unusual medical or other problems, would not exceed two thirds for the wife and children, or $391 monthly. Because the wife nets only $171 monthly, the husband should pay her $220 monthly in addition to the $251 for the house note, and we therefore change the judgment to provide a total support payment for wife and children of $471.
Because we granted unlimited review, in the interest of efficient judicial administration, we also review the judgment’s making $2,100 past-due support executory and awarding the wife $350 attorney fees. The husband has obtained an order of suspen-sive appeal as to those items, and there is no point in this case’s occupying our docket in the future on those scores.
The past-due support is the result of a judgment ordering payment beginning March 1 of $700 alimony and child support when the husband had no income and paid only $400 a month (largely provided by his parents). The problem is that the husband never appealed that judgment, nor did he earlier seek its reduction. He is therefore bound by that judgment until September 5, when he filed the rule to reduce. But we do make the reduction effective as of the time of his filing. The evidence of nonpayment is only the husband’s testimony that he paid $400 instead of $700 so that his past-due support through the September 1 due date is $1,950.
The husband’s complaint over the attorney fees is that the employment of an attorney was unnecessary because he conceded that he owed $300 more than he paid each month. The husband’s concession, however, is reflected in the amount of attorney fees awarded. Perhaps the fee could have been even smaller had the husband confessed judgment, but even a confession of judgment would require the wife’s attorney to expend some time and entitle her to attorney fees under La.R.S. 9:305 (“except for good cause” a court rendering judgment for past due alimony or child support “shall award attorney fees ... ”).
The judgment is amended to order payment by the husband to the wife of only $471 monthly (payable $361 on the first, out of which the wife is to pay the $251 house note, and $110 on the 15th of each month from September 15, 1980) together with hospital and medical insurance for the children; and it is further amended to reduce the past-due alimony and child support to $1,950; and it is affirmed as to attorney fees (and is not questioned as to visitation).